## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.  12-CV-0736-MJR |
| ORVIL DUANE HASSEBROCK, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

**REAGAN, District Judge:**

On April 29, 2010, a jury convicted Petitioner Orvil Duane Hassebrock of attempted tax evasion, a violation of 26 U.S.C. § 7201, and failing to file a tax return, a violation of 26 U.S.C. § 7203. *U.S. v. Hassebrock*, 09-CR-30080-MJR.  Hassebrock's sentence included a 36 month term of imprisonment, a $74,000.00 fine, $997,582.19 in restitution, and a three year term of supervised release.  On direct appeal, the Court of Appeals for the Seventh Circuit affirmed the conviction and the substantive reasonableness of the sentence, as well as the amount.  However, the order of restitution was vacated and the case remanded, for the limited purpose of clarifying the statutory basis for restitution, because restitution may be ordered as a condition of supervised release, but may not be an independent component of the sentence.   On January 13, 2012, an amended judgment was entered, imposing the same sentence.  On February 7, 2012, Hassebrock filed a petition for *certiorari* with the Supreme Court, which was denied May 14, 2012.  On June 26, 2012, Hassebrock filed this action to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Before the Court is Petitioner Hassebrock's motion for release on bond pending resolution of his Section 2255 petition (Doc. 4).   Citing *Cherek v. United States,* 767 F.2d 335,

337-338 (7th Cir. 1985); *Kramer v. Jenkins,* 800 F.2d 708 (7th Cir. 1986); and *Bolante v. Keisler,* 506 F.3d 618, 620-621 (7th Cir. 2007), Hassebrock argues that the Court has inherent authority to release him and, if his Section 2255 petition is successful, he could end up serving more time in prison than is legally appropriate. According to Hassebrock, he is projected to be released from prison on August 15, 2013—he may be sent to a halfway house in the next six months. In addition, Hassebrock cites "many and severe health conditions."

The Government acknowledges the Court's inherent authority to release a Section 2255 applicant to bail pending decision (*see Cherek*, 767 F.2d at 337), but opposes release in this instance. Noting that Hassebrock was denied bail pending appeal, as well as the fact that his conviction and sentence have been affirmed on direct appeal, the Government highlights the admonition offered in *Cherek*:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id.*

Hassebrock's Section 2255 petition is premised upon an allegation of ineffective assistance of trial counsel. More specifically, he asserts the following five points of error:

1. Trial counsel was ineffective for failing to subject the government's case to meaningful adversarial testing;

2. Trial counsel was ineffective for filing affidavits of waiver with Motions to Continue and prospectively waiving Movant's statutory Speedy Trial rights;

3. Trial counsel was ineffective for prohibiting Movant from testifying in his own defense; and

4. Trial counsel was ineffective at sentencing for failing to contest imposition of fine and clearly erroneous restitution.

Doc. 2, pp. 7-8. Without opinion as to the merits of Hassebrock's arguments, at this juncture the Court can at least observe that Hassebrock's chance of success is not readily apparent.

The Court is aware of Hassebrock's multiple health issues (see Doc. 57, pp. 17-18), but Hassebrock does not cite any new health concerns, nor does he assert that his treatment in prison is inadequate or that the is in urgent need of treatment outside of prison.

For the reasons stated, the Court finds no basis for granting Hassebrock release on bond pending resolution of his Section 2255 motion; therefore, his motion (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 28, 2012**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**